**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RAJINDER SINGH KHATRA-MAVI, | No. 10-71634 |
| Petitioner, | Agency No. A098-594-677 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 18, 2012[**]

Before:     LEAVY, PAEZ, and NGUYEN, Circuit Judges.

Rajinder Singh Khatra-Mavi, a native and citizen of India, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal

from an immigration judge's ("IJ") decision denying his application for asylum,

withholding of removal, and protection under the Convention Against Torture

("CAT").  We have jurisdiction under 8 U.S.C. § 1252.  We review for substantial

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and grant in part the petition for review, and we remand.

Substantial evidence supports the agency's denial of CAT relief because Khatra-Mavi failed to demonstrate it is more likely than not he will be tortured by or with the acquiescence of the government if returned to India. *See id.* at 1067-68. Accordingly, we deny the petition with respect to Khatra-Mavi's CAT claim.

Khatra-Mavi alleges that Congress Party members beat him on three occasions, including one in which he needed stitches on his lips and another in which the injuries were severe enough to require medical treatment. His attackers also threatened him with future beatings and death. In another incident, Congress Party members caused Khatra-Mavi and his father to drive off the road and crash their scooter. Substantial evidence does not support the BIA's finding that these experiences do not rise to the level of persecution. *See Mamouzian v. Ashcroft*, 390 F.3d 1129, 1134 (9th Cir. 2004) ("We have consistently found persecution where, as here, the petitioner was physically harmed . . . [particularly where] such harm was inflicted on more than one occasion over a period of years, and where the physical abuse was combined with other incidents . . . .") (internal citation omitted).

10-71634

It is unclear whether the BIA also relied on lack of nexus in finding that Khatra-Mavi failed to establish past persecution. *See Recinos De Leon v. Gonzales*, 400 F.3d 1185, 1189 (9th Cir. 2005) ("When the agency's reasoning is indiscernible, the courts cannot exercise their duty of review, and instead must remand to the agency.") (citation and internal quotation marks omitted). Accordingly, we grant the petition with respect to asylum and withholding of removal and remand to the BIA for clarification. *Id.* at 1194.

With respect to future persecution, it is unclear whether the BIA placed the burden of proof regarding relocation on Khatra-Mavi or on the government, and the IJ's decision is similarly unclear on this point. *See Afriyie v. Holder*, 613 F.3d 924, 935 (9th Cir. 2010); *see also Recinos De Leon*, 400 F.3d at 1189. We remand to the BIA to analyze the relocation issue in accord with the proper burden of proof. *See id.* at 1194; *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**

10-71634